UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN MANUEL PICADO[1] MEDRANO,

Petitioner,

v. Case No. 3:26-cv-2220-MMH-PDB

WARDEN, NORTH FLORIDA DETENTION CENTER and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Kevin Manuel Picado Medrano, an immigration detainee, initiated this action by filing a pro se Petition for Writ of Habeas Corpus (Doc. 1) on August 21, 2026. Picado Medrano, a citizen of Nicaragua, was paroled into the United States on March 18, 2023. Doc. 5-1 at 2. His parole expired on March 16, 2025. Id. United States Immigration and Customs Enforcement detained Picado Medrano following a traffic stop on July 31, 2026. Id. In Counts One and Two of Picado Medrano's Petition, he argues that he is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Doc. 1 at 3–4.

[1] The Clerk is directed to change "Picardo" to "Picado" on the docket.

As relief, he seeks immediate release or, in the alternative, an individualized bond hearing. Id. at 5.

The Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Picado Medrano, who is detained at or near the border, paroled into the United States, and is re-detained years later, its reasoning also applies to this case. Picado Medrano was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Picado Medrano's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to Counts One and Two. Within **seven days** of this Order, Respondents shall either afford Picado Medrano an individualized bond

hearing consistent with 8 U.S.C. § 1226(a)[2] or release him. If Respondents release Picado Medrano, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition as to Counts One and Two, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 14th day of September, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-9 9/14
c:
Kevin Manuel Picado Medrano, #A232358129
Counsel of Record

[2] Picado Medrano is not entitled to immediate release. See Portillo v. Gualtieri, No. 8:26-CV-1718-KKM-LSG, 2026 WL 2069943, at *2 (M.D. Fla. July 17, 2026) ("Because a bond hearing provides adequate procedure, the 'comfortable majority position' remains that a habeas petitioner is entitled only to a bond hearing, not immediate release." (quoting Molina v. Warden, Glades Cnty. Det. Ctr., No. 2:26-CV-2009-KCD-KRH, 2026 WL 1965132, at *1 (M.D. Fla. July 8, 2026))).